# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV37

| | |
|---|---|
| VICKY L. HENDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion for Summary Judgment" (Document No. 11) and Plaintiff's "Memorandum in Support..." (Document No. 11), both filed on September 6, 2005, by Vicky Hendley, and the Commissioner's "Motion for Summary Judgment" (Document No. 12) and "Memorandum in Support..." (Document No. 13), both filed November 1, 2005. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny the Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the undersigned will <u>deny</u> Ms. Hendley's Motion for Summary Judgment; <u>grant</u> the Commissioner's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

Ms. Hendley filed applications for disability insurance benefits and supplemental security income on March 23, 2002, alleging disability since February 12, 2002, due to fibromyalgia, chronic fatigue and depression. Her applications were denied initially and again upon reconsideration.

Ms. Hendley requested a hearing, which was held on August 11, 2004. ( R. 24-54). On September 23, 2004, the Administrative Law Judge ("ALJ") issued an opinion denying Ms. Hendley's claim. ( R. 8-20). Subsequently, Ms. Hendley filed a Request for Review of Hearing Decision ( R. 7). On November 29, 2004, the Appeals Council denied Ms. Hendley's request for review, making the hearing decision the final decision of the Commissioner. ( R. 4-6).

Ms. Hendley filed this action on January 25, 2005, and the parties' cross-motions for summary judgment are now ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), the Fourth Circuit defined "substantial evidence" as

> being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Id.* (quoting *Perales*, 402 U.S. at 401).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in

the evidence. *Hays*, 907 F.2d at 1456; *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.") Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time Ms. Hendley became "disabled" as that term is defined for Social Security purposes.[1] The ALJ considered the evidence and concluded in his written opinion that Ms. Hendley has fibromyalgia and depression, which are severe impairments within the regulatory meaning; that no impairment or combination of impairments meets or medically equals one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Ms. Hendley retains the residual functional capacity to perform "light" work involving simple, routine, and repetitive tasks that accommodate a moderate limitation in concentration; that Ms. Hendley was unable to perform any of her past relevant work; but that Ms. Hendley was capable of making a successful adjustment to work that exists in significant numbers in the economy. Accordingly, the ALJ concluded that Ms. Hendley was not under a disability as defined for Social

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq*., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

*Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Security purposes.

Ms. Hendley contends on appeal that the ALJ erred (1) by not assigning greater weight to the opinion of Ms. Hendley's treating physician, Dr. Glenn McCain; (2) by not assigning greater weight to the opinion of Robin Cook, FNP; and (3) by improperly treating the testimony of the vocational expert. The undersigned concludes, however, that substantial evidence supports the ALJ's findings regarding Ms. Hendley's residual functional capacity. The undersigned further concludes that substantial evidence supports the ALJ's findings regarding Ms. Hendley's ability to perform substantial gainful activity which exists in significant numbers in the economy, as well as the ultimate conclusion that Ms. Hendley was not disabled.

**Residual Functional Capacity**

The Social Security Regulations define "residual functional capacity" as what "[a claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b). The residual functional capacity assessment is based on all the relevant evidence, including observations by treating or examining physicians. 20 C.F.R. § 404.1545(a).

**Opinion of Treating Physician - Dr. Glenn McCain**

In challenging the ALJ's assessment of her residual functional capacity, Ms. Hendley contends that the ALJ erred in dismissing the opinion of Dr. McCain, her treating physician. The Fourth Circuit has established that a treating physician's opinion need not be afforded controlling weight. *Hunter*, 993 F.2d at 35. Under the traditional application of the treating physician's rule, a court is generally required to give a treating physician's opinion greater weight, and may grant that

opinion controlling weight. *Coffman v. Bowen,* 829 F.2d 514, 517 (1987). Furthermore, the court may only disregard such testimony if there is persuasive contrary evidence. *Coffman,* 829 F.2d at 517. Under regulations adopted in 1991, a treating physician's opinion on the nature and severity of the alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

Thus, in contrast to the common law rule where treating sources' opinions were generally given controlling weight at the apparent discretion of the ALJ, regulations adopted in 1991 grant treating physicians' opinions controlling weight "only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F.Supp. 53, 55 (W.D.Va. 1996); *see also Johnson v. Barnhart*, No. 305CV00030, 2006 WL 840315 (W.D.Va. March 21, 2006). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro*, 270 F.2d at 178 (citation omitted).

Dr. McCain treated Ms. Hendley from May 2001 until March 14, 2002. Dr. McCain noted that Ms. Hendley complained of pain and depression. On May 21, 2001, he observed that Ms. Hendley's fibromylagia and depression had worsened considerably. ( R. 158). In a letter to Dr. Trotter of Union Family Practice dated March, 14, 2002, Dr. McCain stated that "[a]fter discussion, it is clear that [Ms. Hendley] is not going to be able to get back to work for the foreseeable future. I would consider her disabled for the performance of any and all occupations." ( R. 166). This

5

opinion was stated again on a note written on a prescription pad from the same date, writing that, "I consider this person to be disabled for the performance of any and all occupations by virtue of her chronic pain." ( R. 157). Ms. Hendley argues that the ALJ improperly disregarded this evidence based on mere suppositions. The Court disagrees with Ms. Hendley.

The ALJ properly considered Dr. McCain's treating and other records. As noted above, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in medical evidence." *Seacrist*, 538 F.2d at 1056-57. Moreover, it is the decision of the Commissioner to make findings of fact and to resolve conflicts in the evidence. *Hays*, 907 F.2d at 1456; *King,* 599 F.2d at 599; *Seacrist*, 538 F.2d at 1056-67. The ALJ noted that earlier records from Dr. McCain are inconsistent with the report from Ms. Hendley's last visit. In October 2001, Dr. McCain reported that 20mg of OxyContin controlled Ms. Hendley's pain "quite nicely and allows her to be functional." ( R. 163). The ALJ noted that Dr. McCain later opined that Ms. Hendley needed to "stop thinking in a victim-like manner." ( R. 165). Also, Dr. McCain's examination of Ms. Hendley revealed 18 tender points, but also showed that she had no motor or sensory deficits, normal power, tone and coordination, and full and equal reflexes. ( R. 164). It was not until Ms. Hendley's last visit on March 14, 2002, that Dr. McCain gave the opinion that Ms. Hendley was unable to work "for the foreseeable future." ( R. 166).

Given these factors, it was proper for the ALJ to find that there is "no basis to conclude that Dr. McCain's vague opinion of March 2002 would have remained his opinion for any period of at least 12 consecutive months." ( R. 17). The ALJ did not, as Ms. Hendley would argue, disregard Dr. McCain's opinion based on mere suppositions. Rather, the ALJ weighed the evidence in an effort to best determine Dr. McCain's opinion. It is not this Court's role to interfere with that judgment.

### Opinion of Family Nurse Practitioner - Robin S. Cook, FNP

Unlike a treating physician, Ms. Cook, as a family nurse practitioner ("FNP"), is not an "acceptable medical source" under 20 C.F.R. §§ 404.1513, 416.913. Therefore, her opinion was not entitled to any significant weight pursuant to 20 C.F.R. §§ 404.1527, 416.927. As has been noted, the Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Ms. Hendley contends that the ALJ improperly rejected the opinion of Ms. Cook. In a letter dated April 1, 2004, Ms. Cook stated that, "Ms.Hendley has pain in her neck, shoulders, right arm, low back, right hip, buttock and right leg. She is unable to stand, sit, or walk for long periods. Ms. Hendley has difficulty concentrating secondary to her pain. I feel Ms. Hendley is a candidate for permanent disability due to her disease." Ms. Hendley argues that the ALJ lacks substantial evidence for concluding that the opinion offered by Ms. Cook is based on the subjective complaints of Ms. Hendley. The Court disagrees with Ms. Hendley.

The ALJ properly considered the opinion of Ms. Cook. The ALJ expressly considered the evidence in the record from Ms. Cook, who was working as an FNP at Southern Piedmont Primary Care. However, the ALJ granted "very little weight" to her opinion. ( R. 17). In doing so, the ALJ first correctly noted that as an FNP and not an M.D., "her opinion is not entitled to the weight given to the opinion of an M.D., nevertheless, she is a medical professional and her opinion must be considered." ( R. 17). However, the ALJ further stated that Ms. Cook "did not refer to specific

7

medical signs and findings supportive of her conclusion, and she did not opine as to the length of time that she would consider the claimant to be a 'candidate for disability.'" ( R. 17). Additionally, it was recognized that Ms. Cook give her opinion in the same month Ms. Hendley began treatment at Southern Piedmont Primary Care. Given these facts, there is substantial evidence to support the ALJ's finding that "Ms. Cook's opinion is vague, conclusory, and based entirely on the claimant's unpersuasive subjective complaints, and that it therefore merits very little weight." ( R. 17).

**Whether Substantial Evidence Supports the ALJ's Finding that Mrs. Hendley was Capable of Making a Successful Adjustment to Work in the National Economy**

In the sequential evaluation process employed by the Social Security Administration, once a plaintiff establishes that she is unable to return to her past relevant work, the burden shifts to the Commissioner to establish that there are other jobs in the national economy that she can perform. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). In making that determination, the ALJ will look at the tables in Appendix 2, which indicate that the disability determination should be based on various combinations of age, education and past vocational experience in conjunction with the residual functional capacity of the plaintiff. *Hall*, 658 F.2d at 265. If the plaintiff suffers from solely non-exertional limitations, or has a combination of exertional and non-exertional limitations, the ALJ must not use the Medical-Vocational Guidelines exclusively and must make a full and individualized consideration of all the relevant vocational factors. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983). If the Commissioner is to prevail, the Commissioner must show - by expert vocational testimony - that, despite the combination of exertional and non-exertional impairments, the plaintiff is capable of performing work that exists in significant numbers in the national economy. *Grant,* 699 F.2d at 192.

Ms. Hendley argues that - even given a residual functional capacity for "light" work which involves simple, routine, and repetitive tasks that accommodate a moderate limitation in concentration - she is unable to perform the occupations adopted by the ALJ. Upon testimony from the vocational expert, the ALJ adopted three positions - office helper, mail clerk, and receptionist - which would be appropriate for Ms. Hendley and which exist in significant numbers in the economy. Ms. Hendley contends that the adoption of these positions by the ALJ is not supported by the testimony of the vocational expert. The Court disagrees with Ms. Hendley.

The ALJ's decision is appropriately based on the testimony of the vocational expert. At the hearing, the ALJ asked the vocational expert to assume an individual with a similar work background, age and education as Ms. Hendley, who was limited to sedentary or light employment and with moderate impairments in responding to workplace changes, meeting production quotas, performing detailed tasks and performing for extended times, and maintaining concentration, persistence and pace. ( R. 50-1). The vocational expert expressed doubt that an individual restrained by such limitations would be able to adjust to an occupation which exists in significant numbers in the economy; however, she proceeded to name several simple occupations she thought appropriate. Included in these were office helper, mail clerk, receptionist, and nuts and bolts assembler. ( R. 51). The vocational expert also provided testimony demonstrating that the positions of office helper, mail clerk, and receptionist, exist in significant numbers in the state and national economies. ( R. 51). The vocational expert then made it clear that her concern was mainly over the large number of moderate limitations which were posed in the hypothetical, and a belief that concentration would need to be maintained for at least two hours. However, in his opinion, the ALJ made it clear that he concluded that Ms. Hendley was only constrained by a moderate limitation in concentration. He

adopted the first three jobs as examples of occupations consistent with the limitations of Ms. Hendley, as he had already precluded the position of nuts and bolts assembler on the basis that it was Ms. Hendley's previous employment. Furthermore, he noted that, "[e]ven if the claimant cannot perform all 'light' jobs, I am convinced by the credible testimony of the vocational expert that there are jobs she could perform consistent with her impairment." ( R. 18). Given the response to the hypothetical posed by the ALJ and the ALJ's findings regarding the restraints on Ms. Hendley, the ALJ's decision was consistent with and supported by the testimony of the vocational expert.

Because substantial evidence supports both the finding that Mrs. Hendley has a residual functional capacity for "light" employment which involves simple, routine, and repetitive tasks that accommodate a moderate limitation in concentration, and that Mrs. Hendley could perform work which exists in significant numbers in the national economy, Mrs. Hendley is not disabled for Social Security purposes.

### IV. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**

1. The "Plaintiff's Motion for Summary Judgment" (Document No. 11) is **DENIED**; the Commissioner's "Motion for Summary Judgment" (Document No. 12) is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: July 12, 2006

David C. Keesler
United States Magistrate Judge